DA 07-0754

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 130

JACK McLEOD,

        Plaintiff and Appellant,

    v.

STATE OF MONTANA, acting by and
through the MONTANA DEPARTMENT
OF TRANSPORTATION, and SUE HOELL,
JOHN DOE and JANE DOE,

        Respondents and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. CDV-2006-694 Honorable Thomas C. Honzel, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Wade J. Dahood, Jeffrey W. Dahood, Knight, Dahood, Everett & Sievers, Anaconda, Montana

        For Appellee State of Montana:

            Rebekah J. French, Risk Management and Tort Defense Division, State of Montana, Helena, Montana

        For Appellee Sue Hoell:

            Marshal L. Mickelson, Corette Pohlman & Kebe, Butte, Montana

        Submitted on Briefs: November 6, 2008

                Decided: April 14, 2009

Filed:

    _____
                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Jack McLeod appeals from the order of the First Judicial District Court, Lewis and Clark County, granting summary judgment in favor of defendants Sue Hoell and the State of Montana on McLeod's libel, slander, and malicious prosecution claims. We affirm.

## BACKGROUND

¶2 McLeod is a certified real estate appraiser. He owns McLeod Realty in Butte, Montana, and is frequently hired to conduct appraisals in condemnation litigation. Of relevance to the present case, McLeod was hired by the landowners in *State of Montana, Dept. of Transp. v. The Lee Family Trust* and *State of Montana, Dept. of Transp. v. Treweek Family Partnership* to appraise their respective properties.

¶3 Hoell is a licensed real estate appraiser employed by the Montana Department of Transportation. In August 2004, she filed two written complaints against McLeod with the Montana Department of Labor and Industry (DOLI). She alleged that McLeod had failed to comply with the Uniform Standards of Professional Appraisal Practice (USPAP) when preparing the *Lee* and *Treweek* appraisals.[1] Each complaint was lodged on a standardized complaint form provided by DOLI's Business Standards Division. This form contains blank spaces for the name and address of the person against whom the complaint is being made, the name and address of the complainant, the nature of complaint, and a list of witnesses and evidence. Additionally, the form asks the complainant: "What action are you requesting of the Board or Department?"

---

[1] The Board of Real Estate Appraisers has adopted USPAP, which is published by The Appraisal Foundation. *See* Admin. R. M. 24.207.402(1). A licensed or certified real estate appraiser in Montana must comply with USPAP. Section 37-54-403(1), MCA.

2

¶4     Hoell's first complaint referenced the *Lee* appraisal.  Hoell stated that she had personally reviewed this appraisal and that "[t]he deficiencies are readily apparent" in the appraisal, a copy of which she attached to the complaint.  She requested that DOLI (more specifically, the Board of Real Estate Appraisers) "determine whether or not Mr. McLeod complied with USPAP, and if not, take appropriate action pursuant to Mont. Code Ann. § 37-54-105(9)."  Hoell's second complaint referenced the *Treweek* appraisal and contained the same request.  In addition, she explained that while she had not personally reviewed this appraisal, her deceased colleague, Jerry Bratlien, had done so.  Hoell stated that "[u]pon information and belief, the deficiencies are readily apparent" in the appraisal, a copy of which she likewise attached to the complaint.  On both complaints, Hoell listed her address as "MT Dept of Transportation, PO Box 201001, Helena, MT 59620-1001."  Throughout this litigation, however, Hoell has maintained that she filed the complaints in her "individual capacity," not on behalf of her employer.

¶5     Based on Hoell's complaints, the Board of Real Estate Appraisers requested a review of the *Lee* and *Treweek* appraisals by an independent appraiser.  A year later, the appraiser notified the Board that he would not be able to complete the review due to time constraints.  The Board then contracted with David Lennhoff to review the appraisals.  In June 2006, the Board reviewed Lennhoff's findings and found "reasonable cause" to believe that McLeod had violated certain USPAP provisions.  However, it was later brought to the Board's attention that Lennhoff had relied on the 2002 version of USPAP, instead of the 2003 version.  It is not clear from the record whether the Board asked Lennhoff to reevaluate McLeod's appraisals under the 2003 USPAP, but regardless,

McLeod appeared before the Board in December 2006 and asked it to dismiss Hoell's complaints based on "the time passed since the complaints were filed." The Board granted his request and dismissed the complaints, but without prejudice. The Board stated that it "may revisit and/or take action on the complaints in the future if a similar complaint is received."

¶6 Meanwhile, in September 2006, McLeod filed the instant action against Hoell and the State in the District Court, alleging libel, slander, and malicious prosecution. He also alleged that Hoell had been directed by her employer (the Department of Transportation) to file the complaints regarding his *Lee* and *Treweek* appraisals. The State moved to dismiss McLeod's complaint for failure to state a claim upon which relief can be granted; however, because matters outside the pleading were presented, the District Court decided to treat the motion to dismiss as a motion for summary judgment.

¶7 Hoell and the State then filed formal summary judgment motions with accompanying briefs. Hoell argued that McLeod's defamation claims failed as a matter of law because the statements she made in her complaints to DOLI were privileged publications under § 27-1-804(2), MCA. Hoell also argued that the statements she made were, as a matter of law, not defamatory. As for McLeod's malicious prosecution claim, Hoell argued that McLeod could not meet two of the required elements of this claim because (1) Hoell had probable cause to file her complaints and (2) the proceedings on those complaints were not terminated in McLeod's favor.

¶8 The State, for its part, contended that Hoell was acting outside the course and scope of her employment with the State when she asked DOLI to investigate McLeod's

4

*Lee* and *Treweek* appraisals. Alternatively, the State argued that her statements were privileged, constitutionally protected, and not defamatory for purposes of the defamation claim, and that McLeod could not establish *any* of the elements of a malicious prosecution claim.

¶9 The District Court held a hearing and subsequently granted Hoell's and the State's motions. Concerning McLeod's defamation claims, the court held that under *Skinner v. Pistoria*, 194 Mont. 257, 633 P.2d 672 (1981), and § 27-1-804(2), MCA, the statements in Hoell's complaints were privileged publications because they were made to the proper authorities responsible for investigating complaints about appraisers and imposing any necessary sanctions. With respect to McLeod's malicious prosecution claim, the court found a failure of two elements. First, regarding the probable cause element, the court observed that Hoell is a licensed real estate appraiser and that she based her complaints against McLeod on her personal review of the *Lee* appraisal and knowledge received from a colleague regarding the *Treweek* appraisal. Moreover, the court noted that the Board had ultimately found reasonable cause to believe that McLeod violated USPAP provisions. Second, regarding the termination element, the court reasoned that because the Board never adjudicated Hoell's complaints on the merits and left open the opportunity to revisit the complaints, the proceedings had not been terminated in McLeod's favor.

¶10 Given these conclusions, the District Court did not address whether Hoell was acting within the scope of her employment with the State. The court entered judgment in favor of both Hoell and the State on all of McLeod's claims. McLeod now appeals.

5

**ISSUES**

¶11 The parties raise a number of issues on appeal; however, we conclude that the following two questions are dispositive:

1. Did the District Court err in granting summary judgment on McLeod's defamation claims based on § 27-1-804(2), MCA?

2. Did the District Court err in granting summary judgment on McLeod's malicious prosecution claim based on the "probable cause" element of that claim?

**STANDARD OF REVIEW**

¶12 We review a district court's ruling on a motion for summary judgment de novo, applying the criteria set forth in M. R. Civ. P. 56. *Corporate Air v. Edwards Jet Center*, 2008 MT 283, ¶ 24, 345 Mont. 336, 190 P.3d 1111. Rule 56(c) states that the judgment sought "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment has the initial burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law. *Corporate Air*, ¶ 25. The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences are to be drawn therefrom in favor of the party opposing summary judgment. *Peterson v. Eichhorn*, 2008 MT 250, ¶ 12, 344 Mont. 540, 189 P.3d 615. If the moving party meets its initial burden, then the burden shifts to the nonmoving party to establish with substantial evidence, as opposed to mere denial, speculation, or conclusory statements,

6

that a genuine issue of material fact does exist. *Peterson*, ¶ 13; *Klock v. Town of Cascade*, 284 Mont. 167, 174, 943 P.2d 1262, 1266 (1997). If no genuine issue of material fact exists, then the court determines whether the moving party is entitled to judgment as a matter of law. *Corporate Air*, ¶ 25. This determination is a conclusion of law, which we review for correctness. *Corporate Air*, ¶ 25.

## DISCUSSION

¶13    ***Issue 1. Did the District Court err in granting summary judgment on McLeod's defamation claims based on § 27-1-804(2), MCA?***

¶14    Defamation is effected by libel or slander. Section 27-1-801, MCA. Libel and slander are defined by statute. Libel is "a false and *unprivileged* publication by writing, printing, picture, effigy, or other fixed representation to the eye which exposes any person to hatred, contempt, ridicule, or obloquy or which causes him to be shunned or avoided or which has a tendency to injure him in his occupation." Section 27-1-802, MCA (emphasis added). Slander is "a false and *unprivileged* publication other than libel which," for purposes of the present case,

> tends directly to injure [a person] in respect to his office, profession, trade, or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profit.

Section 27-1-803(3), MCA (emphasis added).

¶15    As emphasized in the statutory language quoted above, libel and slander exist only with respect to "unprivileged" publications. *See also Skinner v. Pistoria*, 194 Mont. 257, 261, 633 P.2d 672, 675 (1981) ("One requisite of a defamation action is that the

7

communication must be unprivileged."). Thus, if Hoell's statements in her complaints to DOLI were privileged, then McLeod cannot state a claim for libel or slander.[2] Section 27-1-804, MCA, in turn, defines what communications are privileged. Of relevance here, a privileged publication is one made "in any legislative or judicial proceeding or in any other official proceeding authorized by law." Section 27-1-804(2), MCA.

¶16 We interpreted the language of § 27-1-804(2), MCA, in *Skinner*. Pistoria was a "political gadfly" and outspoken critic of the Great Falls city government who made statements at a meeting of the Great Falls City Commission during the time reserved for public comment. His statements included an accusation that Skinner and other police officers had misused police department funds. Skinner sued for defamation, claiming that these statements were made with a malicious personal motive and that they exposed him to hatred, contempt, ridicule, and obloquy, caused him to be shunned and avoided, and injured him in his occupation. *See Skinner*, 194 Mont. at 259-61, 633 P.2d at 673-74. This Court, however, held that § 27-1-804(2), MCA, confers an absolute privilege on publications made in an "official proceeding authorized by law," so long as the publications are made "to the proper authorities responsible for the interest being expressed." *Skinner*, 194 Mont. at 262-63, 633 P.2d at 675-76. Thus, if Pistoria's statements about the conduct of certain police officers were made at a proper proceeding, then the question of whether the statements were maliciously motivated was irrelevant.

---

[2] "Publication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed." *Restatement (Second) of Torts* § 577(1) (1977); *cf. Skinner*, 194 Mont. at 261, 633 P.2d at 675 (defining "publication" as "to make public" (citing *Black's Law Dictionary* 1105 (5th ed., 1979))). Hoell and the State do not deny that her statements were communicated intentionally to a third person.

*Skinner*, 194 Mont. at 263, 633 P.2d at 676. We concluded that the absolute privilege applied to Pistoria's statements for the following reasons: the meeting was an official meeting authorized by law; it was proper for Pistoria to address the commission because it was the governing body of the city; it was proper for him to address the city manager because the manager supervises the police department; and it was proper for him to address the chief of police because the police chief supervises all city police officers. *Skinner*, 194 Mont. at 264, 633 P.2d at 676.

¶17 Hoell and the State maintain, and we agree, that under *Skinner* and § 27-1-804(2), MCA, the District Court correctly concluded that McLeod's defamation claims are based on privileged publications and, as such, must fail. The first question is whether Hoell's statements were made in an official proceeding authorized by law. We conclude they were. DOLI is authorized to "investigate complaints . . . of illegal or unethical conduct of a member of the profession or occupation under the jurisdiction of a board within the department." Section 37-1-101(5), MCA.[3] Each licensing board allocated to DOLI is authorized to adopt rules specifying grounds for disciplinary action. Section 37-1-136(1), MCA; *see also* § 2-15-1758(6), MCA (allocating the Board of Real Estate Appraisers to DOLI); § 37-54-105(8), (9), MCA (authorizing the Board to adopt standards of professional appraisal practice and to reprimand, suspend, revoke, or refuse to renew the license or certificate of a person who has violated the standards). Any disciplinary action by a board must be conducted as a contested case hearing under the provisions of the Montana Administrative Procedure Act. Section 37-1-136(2), MCA.

---

[3] This and the following statutory references are to the 2003 MCA.

9

¶18 To facilitate this scheme, § 37-1-308(1), MCA, specifically authorizes a person, government, or private entity to submit a written complaint to DOLI charging a licensee with a violation of Title 37, chapter 1, part 3, MCA, and specifying the grounds for the complaint—e.g., "conduct that does not meet the generally accepted standards of practice" (§ 37-1-316(18), MCA). Here, Hoell filed complaints as she was authorized to do by § 37-1-308(1), MCA. She used the standardized form provided by DOLI for making such complaints. She provided the specific information requested on the form and attached pertinent documentation. All of her statements pertained directly to her allegation that McLeod had failed to comply with USPAP. She asked DOLI, through the Board of Real Estate Appraisers, to determine whether her allegation was correct and, if it was, to take appropriate action under § 37-54-105, MCA. A properly filed complaint triggers and becomes an integral part of the investigative and disciplinary proceedings described above. Sections 37-1-101(5), -308(2), MCA. We thus conclude that Hoell's statements were made in an official proceeding authorized by law.

¶19 The second question is whether her statements were made to the proper authorities responsible for the interest being expressed. Again, we conclude they were. As just noted, all of her statements pertained directly to her allegation that McLeod had engaged in unprofessional conduct by failing to comply with USPAP. DOLI was the proper authority for receiving this complaint. Section 37-1-308(1), MCA. And this is one of the specific violations identified in the statutes. *See* § 37-1-316(18), MCA ("The following is unprofessional conduct for a licensee or license applicant governed by this chapter: . . . conduct that does not meet the generally accepted standards of practice." (paragraph

break omitted)).   Accordingly, we hold that  Hoell's statements were privileged publications under § 27-1-804(2), MCA, and that McLeod, therefore, cannot state a claim of libel or slander under §§ 27-1-802 and -803, MCA.

¶20   Before concluding, we address McLeod's arguments that summary judgment is inappropriate here.  First, McLeod cites Article II, Section 7 of the Montana Constitution, which states that "[i]n all suits and prosecutions for libel or slander the truth thereof may be given in evidence; and the jury, under the direction of the court, shall determine the law and the facts."  Mont. Const. art. II, § 7.  He also cites *Hale v. City of Billings*, 1999 MT 213, 295 Mont. 495, 986 P.2d 413, where we held that "[u]nless the evidence is so overwhelming that any other conclusion would be unreasonable, the issue of whether the [defendant's] statements were true or false is a determination for the jury alone to make." *Hale*, ¶ 18 (internal quotation marks omitted).   McLeod interprets these authorities as standing for the proposition that "the only way to take this case away from a jury is to be able to say that a jury would be *unreasonable* in finding defamation in this case."  Here, he argues, "a finding that Jack McLeod was *not* defamed would be unreasonable."

¶21   As Hoell and the State correctly point out, however, the preliminary determination of whether a publication is privileged is a question of law for the court.  *Hale*, ¶ 35. Moreover, this determination may be reached by the court when material facts are not in dispute.  *Hale*, ¶ 35.  Here, McLeod has not shown the existence of any genuine issues of material fact related to whether Hoell's statements were made in an official proceeding authorized by law and to the proper authorities responsible for the interest being expressed.  *Skinner*, 194 Mont. at 263, 633 P.2d at 676.

¶22 Second, notwithstanding § 27-1-804(2), MCA, McLeod focuses on § 37-1-308(3), MCA, which states that "[a] person or private entity, but not a government entity, filing a complaint under this section in good faith is immune from suit in a civil action related to the filing or contents of the complaint." According to McLeod, there are genuine issues of material fact which preclude Hoell and the State from prevailing under this statute—specifically, whether Hoell was acting as an agent of a government entity, and whether she acted in good faith. Yet, in their summary judgment briefing, Hoell and the State both state explicitly that they are relying on § 27-1-804(2), MCA, and are *not* relying on § 37-1-308(3), MCA, and they reiterate this position on appeal. Thus, it appears that McLeod has simply identified a defense Hoell and the State could have raised and is arguing that summary judgment on that defense is inappropriate.

¶23 Regardless, we conclude that § 37-1-308(3), MCA, is not applicable here. Since libel or slander claims exist only with respect to "unprivileged publications," claims premised on "privileged publications" (as defined in § 27-1-804, MCA) necessarily fail at their inception. Thus, § 37-1-308(3), MCA, simply does not apply to libel and slander claims where the communications at issue are privileged under § 27-1-804, MCA. It does apply, however, to civil actions that are not premised on privileged communications. Here, as explained above, McLeod's claims are premised on privileged communications; therefore, § 37-1-308(3), MCA, is inapplicable.

¶24 In sum, Hoell and the State met their burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law on McLeod's libel and slander claims. McLeod has not established that a genuine issue of

material fact exists. We accordingly hold that the District Court did not err in granting summary judgment on McLeod's defamation claims based on § 27-1-804(2), MCA.

¶25 ***Issue 2. Did the District Court err in granting summary judgment on McLeod's malicious prosecution claim based on the "probable cause" element of that claim?***

¶26 In a civil action for malicious prosecution, the plaintiff's burden at trial is to introduce proof sufficient to allow reasonable jurors to find each of the following six elements: (1) a judicial proceeding was commenced and prosecuted against the plaintiff; (2) the defendant was responsible for instigating, prosecuting, or continuing such proceeding; (3) there was a lack of probable cause for the defendant's acts; (4) the defendant was actuated by malice; (5) the judicial proceeding terminated favorably for the plaintiff; and (6) the plaintiff suffered damage. *Hughes v. Lynch*, 2007 MT 177, ¶ 12, 338 Mont. 214, 164 P.3d 913. If one of these elements is not proven by prima facie evidence, judgment as a matter of law may be entered for the defendant. *Hughes*, ¶ 12.

¶27 We focus here on the third element: whether there was a lack of probable cause for Hoell's acts of filing her complaints with DOLI. In *Hughes*, we adopted the following definition of "probable cause" for purposes of a malicious prosecution claim:

> One who takes an active part in the initiation, continuation or procurement of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either
> (a) correctly or reasonably believes that under those facts the claim may be valid under the applicable law, or
> (b) believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information.

*Hughes*, ¶ 16 (citing *Restatement (Second) of Torts* § 675 (1977)).

13

¶28 In the present case, Hoell and the State point out that the Board of Real Estate Appraisers ultimately found "reasonable cause" to believe that McLeod had violated certain USPAP provisions, while McLeod contends that Lennhoff's analysis (on which the Board relied) was flawed in numerous respects. However, as we indicated in *Plouffe v. Dept. of Public Health and Human Services*, 2002 MT 64, 309 Mont. 184, 45 P.3d 10, probable cause is determined based on the facts known to the party at the time she initiated the proceedings. *Plouffe*, ¶ 18; *accord Seltzer v. Morton*, 2007 MT 62, ¶ 72, 336 Mont. 225, 154 P.3d 561. We also note here that the issue of probable cause must be submitted to a jury for resolution when direct and circumstantial evidence related to the defendant's knowledge is susceptible to different conclusions by reasonable persons, but the issue of probable cause is a question of law when no evidentiary conflict exists and uncontroverted evidence admits only one conclusion. *Plouffe*, ¶ 18.

¶29 Here, § 37-1-308(1), MCA, authorizes a written complaint to be filed with DOLI charging a licensee with unprofessional conduct and specifying the grounds for the complaint. Hoell and the State point out that she filed two such complaints, using the standardized form provided for this purpose and providing the specific information requested on the form. The nature of each complaint was that McLeod had failed to comply with the generally accepted standards of professional appraisal practice (i.e., USPAP). *See* §§ 37-1-316(18), 37-54-403(1), MCA. Hoell stated on one complaint that she had personally reviewed the *Lee* appraisal and that the deficiencies were readily apparent on the attached copy of that appraisal. On the other complaint, she stated upon information and belief that the deficiencies were readily apparent on the *Treweek*

appraisal, a copy of which was likewise attached to the complaint. She signed a statement on each complaint that "[t]he facts and matters contained herein are true, accurate and correct to the best of my knowledge."

¶30 Hoell and the State have presented substantial evidence that Hoell reasonably believed in the existence of the facts upon which her complaints were based and reasonably believed that under those facts the complaints may be valid under the applicable law. *Hughes*, ¶ 16. Their evidence is uncontroverted. Although McLeod opines that Hoell's motives were sinister, McLeod's speculation does not create a genuine issue of material fact as to whether Hoell had a reasonable belief in the validity of her complaints and the existence of the underlying facts. *Peterson*, ¶ 13. In addition, McLeod points to the supposed "problems with the investigation conducted by the Board of Real Estate Appraisers." But, again, our focus here is on the facts known to Hoell at the time she filed her complaints. *Plouffe*, ¶ 18.

¶31 In sum, Hoell and the State met their burden of establishing both the absence of genuine issues of material fact and entitlement to judgment as a matter of law on McLeod's malicious prosecution claim. McLeod has not established that a genuine issue of material fact exists. We accordingly hold that the District Court did not err in granting summary judgment on McLeod's malicious prosecution claim based on the "probable cause" element of that claim.

¶32 Affirmed.

/S/ JAMES C. NELSON

15

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE