
DA 13-0428

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 35

ALLISON CHAPMAN,

      Plaintiff and Appellant,

  v.

LADONNA MAXWELL, A.P.R.N.,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Eighth Judicial District,
                      In and For the County of Cascade, Cause No. BDV-11-0016
                      Honorable Greg Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Allison Chapman, self-represented; Great Falls, Montana

      For Appellee:

          Peter J. Stokstad, Elizabeth L. Hausbeck; Garlington, Lohn &
          Robinson, PLLP; Missoula, Montana

                             Submitted on Briefs:  January 15, 2014
                                 Decided:  February 11, 2014

Filed:

            _____
                           Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Allison Chapman (Chapman) appeals the orders of the Eighth Judicial District Court, Cascade County, granting the defendant's motion for summary judgment and denying Chapman's motion for relief under M. R. Civ. P. 60(b)(1) (Rule 60(b)). We affirm.

## ISSUE

¶2     A restatement of the dispositive issue on appeal is:

¶3     *Did the District Court err in granting summary judgment?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     This case arises from Chapman's complaint against LaDonna Maxwell, A.P.R.N. (Maxwell), asserting that Maxwell defamed her by documenting in Chapman's medical record her concern that Chapman may have been malingering or seeking narcotics. Maxwell filed her motion for summary judgment on April 1, 2013. Chapman did not file a brief in response, and neither party requested oral argument. On or about May 6, 2013, Chapman expressly informed the District Court that she did not intend to file a brief opposing the motion because she wanted to mediate the case. On May 17, 2013, the District Court granted Maxwell's motion for summary judgment due to Chapman's failure to respond. The court noted that, though she was a self-represented litigant, Chapman was familiar with, and expected to follow, the rules of court. The court's review of dockets for the Eighth Judicial District Court, Montana Supreme Court, United States District Court for the District of Montana, and Ninth Circuit Court of Appeals revealed that Chapman had filed at least 43 cases. The court "ha[d] specifically advised

2

Plaintiff in past cases that the failure to file a response brief within the time requirements will be deemed an admission that the motion is well taken" and was concerned "with Plaintiff's motivations, conduct and actions in this litigation." The court notified Chapman of the vexatious litigant statute and the requirements of M. R. Civ. P. 11.

¶5 Chapman sought relief under Rule 60(b)(1) for excusable neglect because she "simply forgot to file the brief." The court denied Chapman's motion, noting that Chapman lacked good faith and that Maxwell would be prejudiced if the court granted Chapman's motion. The court concluded that all litigants, including self-represented litigants, should adhere to procedural rules, that Chapman is familiar with the rules of court, and that "[e]ven assuming Plaintiff simply missed the deadline (as opposed to her initial representation that she intentionally chose not to file a brief to leverage a settlement), meeting deadlines requires no expert legal knowledge or skill."

¶6 Chapman filed a timely appeal. Chapman argues that the District Court erred in granting summary judgment to Maxwell and abused its discretion in denying her relief under Rule 60(b). Chapman further argues that Judges Gregory Pinski and Julie Macek violated the code of judicial conduct. We decline to address these unsupported accusations. Maxwell urges us to affirm the decision of the District Court and also asks us to declare Chapman a vexatious litigant pursuant to § 37-61-421, MCA.

**STANDARD OF REVIEW**

¶7 We review a district court's ruling on motions for summary judgment de novo, using the same M. R. Civ. P. 56 (Rule 56) criteria used by the district court. *Pub. Lands*

*Access Assn. v. Bd. of Co. Commrs.*, 2014 MT 10, ¶ 15, 373 Mont. 277, ___ P.3d ___ (citation omitted).

## DISCUSSION

¶8    *Did the District Court err in granting summary judgment?*

¶9    Montana Uniform District Court Rule 2(b) provides in part: "Failure to file briefs may subject the motion to summary ruling . . . .  Failure to file an answer brief by the opposing party within the time allowed shall be deemed an admission that the motion is well taken."

¶10   We have interpreted this rule as allowing the lower court discretion to either deny or grant unsupported or unanswered motions.  *Moody v. Northland Royalty Co.*, 286 Mont. 89, 94, 951 P.2d 18, 22 (1997) (citations omitted).  However, "the procedure to be followed on motions for summary judgment must conform to the provisions of Rule 56." *Cole v. Flathead Co.*, 236 Mont. 412, 417, 771 P.2d 97, 100 (1989).  "[T]he essential question for the District Court in deciding a motion for summary judgment . . . is whether there exists a genuine issue of material fact.  That inquiry does not admit of decision merely on a technical point, such as whether briefs have been filed on time." *Cole*, 236 Mont. at 416, 771 P.2d at 100.

¶11   Though a district court may grant a motion for summary judgment without first holding a hearing, *see SVKV L.L.C. v. Harding*, 2006 MT 297, ¶ 37, 334 Mont. 395, 148 P.3d 584, it is still required to make a determination that there was no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  M. R. Civ. P. 56(c)(3); *see e.g. Cole*, 236 Mont. at 417, 771 P.2d at 100 ("The court has a duty under

4

Rule 56 to deny a motion for summary judgment when there is any doubt whether a factual question exists.") (citations omitted). In this case, while Chapman's failure to file a response brief meant that Maxwell's motion was deemed well taken for purposes of Uniform District Court Rule 2(b), this does not relieve the District Court of the duty to engage in a Rule 56 analysis when presented with a motion for summary judgment. The court made no Rule 56 determination "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

¶12 However, in light of our obligation to conduct a de novo review, this error does not require reversal. "[O]ur *de novo* standard of review of summary judgment decisions allows us to review the record and make our own determinations regarding the existence of disputed issues of fact and entitlement to judgment as a matter of law." *Wurl v. Polson Sch. Dist. No. 23*, 2006 MT 8, ¶ 29, 330 Mont. 282, 127 P.3d 436. Here, our review of the pleadings and documents filed in the District Court convinces us there are no genuine issues of material fact. In her complaint, Chapman alleged that Maxwell defamed her by "intentionally, negligently, and or recklessly without regard for the truth, verbally express[ing] to several persons[, including the judge, opposing counsel, and the account consultant in Chapman's workers' compensation case, and at least one physician,] that plaintiff Allison Chapman is and or was a drug seeker, and drug abuser," "was committing insurance fraud by pretending to have non-existent injuries," and/or "was a liar and only trying to scam money out of workers' compensation." Chapman argued that, because of Maxwell's statements, no doctor would consult with or treat her. Maxwell responded that: (1) her statements in the medical record were privileged and

5

were disclosed with Chapman's consent; (2) her statements were true and/or merely opinions that did not rise to defamation; (3) Chapman provided no supporting evidence for her assertion that Maxwell made verbal statements to other providers; and (4) Chapman had no evidence that any medical provider refused to see her because of Maxwell's actions.

¶13     "Defamation is effected by libel or slander." *McLeod v. State*, 2009 MT 130, ¶ 14, 350 Mont. 285, 206 P.3d 956 (citing § 27-1-801, MCA).   "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Section 27-1-802, MCA.  "Slander is a false and unprivileged publication other than libel that," for purposes of this case, "by natural consequence causes actual damage."  Section 27-1-803(5), MCA.

¶14     We conclude that Maxwell's statements in her medical records did not carry a defamatory meaning; therefore, it is unnecessary to determine whether they were false. The threshold test for a court is whether the statements, even if false, are capable of bearing a defamatory meaning.   "If the alleged statements are not defamatory, it is unnecessary for a jury to decide if they are false." *McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 44, 330 Mont. 48, 125 P.3d 1121.  The test for defamation is stringent. *McConkey*, ¶ 45 (citation omitted).   Libel and slander exist only with respect to "unprivileged" publications. *McLeod*, ¶ 15.   Privileges arise from the consent of the person defamed or are conferred by law.  *Skinner v. Pistoria*, 194 Mont. 257, 261, 633

6

P.2d 672, 675 (1981). "[A] basic principal [sic] in the law of defamation is that an expression of opinion generally does not carry a defamatory meaning and is thus not actionable." *McConkey*, ¶ 49.

¶15 Chapman's defamation claim fails as a matter of law. Chapman conceded that she "signed maybe 20 releases of information," making the communications to persons involved in Chapman's workers' compensation case privileged and not defamatory. *See Skinner*, 194 Mont. at 261, 633 P.2d at 675. Moreover, Maxwell's comments were based on her personal observations and opinions and thus are not actionable. *See McConkey*, ¶ 49. We further observe that in her deposition, Chapman was unable to provide evidence to support her claim that any medical provider refused to treat her because of Maxwell's comments. The record does indicate that medical providers refused to treat Chapman but does not suggest that this was due to Maxwell's comments. Indeed, Chapman mentioned many reasons why providers would not see her, including that she did not pay her medical bills.

¶16 While we have concluded that the District Court erred in failing to conduct a Rule 56 analysis, we also conclude that there are no genuine issues of material fact and that Maxwell is entitled to judgment as a matter of law. Given our disposition of this issue, we decline to reach the second issue raised by Chapman of whether the District Court abused its discretion in denying her Rule 60(b) motion.

¶17 Finally, we address Maxwell's request that we declare Chapman a vexatious litigant. "Courts have the inherent power to levy sanctions to curb abusive litigation practices." *Hartsoe v. Tucker*, 2013 MT 256, ¶ 14, 371 Mont. 539, 309 P.3d 39 (citation

omitted).  "Montana district courts possess inherent power to sanction willful or reckless conduct, especially when combined with frivolousness, harassment, or improper purpose." *Motta v. Granite Co. Commrs.*, 2013 MT 172, ¶ 17, 370 Mont. 469, 304 P.3d 720.  Similarly, pursuant to M. R. App. P. 19(5), this Court "ha[s] the authority to award sanctions to a prevailing party in an appeal determined to be filed for the purposes of harassment, or taken without substantial or reasonable grounds." *Hartsoe*, ¶ 14.  Though we decline to levy such sanctions against Chapman in this case, we share the District Court's concern about her motivations, conduct, and actions and warn Chapman that if we see such behavior before us again, we will seriously consider a motion to declare her a vexatious litigant and impose sanctions.

**CONCLUSION**

¶18    For the foregoing reasons, we affirm.


/S/ PATRICIA COTTER


We concur:


/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE

8