FILED

04/28/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0603

DA 19-0603

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 101N

DENNIS BURMASTER, Personal Representative of the
ESTATE OF ROBERT W. BURMASTER, Deceased,

       Plaintiff and Appellee,

  v.

DONALD A. RADFORD and CLAUDIA L. RADFORD,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Mineral, Cause No. DV-18-49
                  Honorable Shane Vannatta, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

             Claudia L. Radford, Self-Represented, Donald A. Radford,
             Self-Represented, Missoula, Montana

       For Appellee:

             Ted Hess-Homeier, HH Eviction, Inc., Missoula, Montana

                            Submitted on Briefs:  March 18, 2020

                                   Decided:  April 28, 2020

Filed:

                           _____
                                     Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Pro se appellants Donald and Claudia Radford ("Radfords") appeal from an order of the Fourth Judicial District Court, Mineral County, granting Dennis Burmaster's ("Burmaster") motion for summary judgment and dismissal of Radfords' counterclaim for unjust enrichment.  The Radfords argue the District Court erred in granting summary judgment to Burmaster because they had a cognizable claim to remain on the property under an unsigned buy-sell agreement.  Alternatively, they argue the District Court erred in dismissing their counterclaim for unjust enrichment since they made improvements to Burmaster's property.  We affirm.

¶3      In 2016, the parties began negotiations for the Radfords to purchase 818 Railroad Avenue, Alberton, Montana (the "Property"), from Burmaster.  The parties negotiated a buy-sell agreement with a sale price of $25,000 and a closing date of December 5, 2016, plus 15 days that also included a time-of-the-essence clause.  The buy-sell agreement was never fully signed by the parties and the agreement lapsed.  Meanwhile, the Radfords had moved onto the property in an RV and begun making renovations to the home.

2

¶4 On July 25, 2018, Burmaster sent the Radfords a Notice to Vacate. After more than 30 days elapsed, the Radfords remained on the Property. On September 6, 2018, Burmaster filed a Verified Complaint for Possession in Mineral County Justice Court, pursuant to the Unlawful Detainer Act statutes set forth in Title 70, chapter 27, MCA, seeking to enforce the Notice to Vacate. Burmaster's complaint alleged that the Property was owned by him, that Defendants were given 30 days of notice to vacate the Property, and the Defendants had not done so. The complaint requested possession of the Property, an award of damages for any damage to the Property, and reasonable attorney's fees and costs in bringing the action. On October 2, 2018, the Radfords filed an Answer, Counterclaim, and Demand for Jury Trial. The Radfords also successfully moved the action to the District Court. The Radfords' answer admitted the factual allegations of Burmaster's complaint, but alleged a host of affirmative defenses including laches, estoppel, waiver, acceptance, failure of a condition precedent, unjust enrichment, and breach of contract. The Radfords' counterclaimed for breach of contract, unjust enrichment, and construction lien.

¶5 On December 28, 2018, Burmaster filed a Motion for Summary Judgment. On May 3, 2019, the District Court granted Burmaster summary judgment, concluding that there was no genuine issue as to any material fact and that Burmaster was entitled to judgment as a matter of law since there was no written agreement allowing the Radfords to retain possession of the Property. The District Court also held that the Radfords' equitable claim of unjust enrichment was superseded by Montana law and dismissed the

3

Radfords' construction lien counterclaim for failure to state a claim.[1]  The District Court ordered that Burmaster was entitled to immediate possession of the Property and to a Writ of Assistance in furtherance of that right.  The Radfords were subsequently evicted from the Property.[2]  On September 4, 2019, the Radfords' attorney withdrew.  The Radfords appealed the matter pro se on October 2, 2019.

¶6     We review a district court's grant of summary judgment de novo.  *Chapman v. Maxwell*, 2014 MT 35, ¶ 7, 374 Mont. 12, 322 P.3d 1029.  A district court's dismissal of a claim is reviewed for correctness and with all allegations of fact made by the nonmoving party taken as true.  *Kingston v. Ameritrade, Inc.*, 2000 MT 269, ¶ 9, 302 Mont. 90, 12 P.3d 929.

¶7     The Radfords appeal the District Court's grant of summary judgment under two theories.  In their brief, the Radfords request their investment in the home, "which is $55,000 or to be able to purchase the home at the original price agreed upon which is $25,000."  In essence, the Radfords argue on appeal that the District Court erred in granting summary judgment to Burmaster since Burmaster breached their original buy-sell agreement.  Alternatively, the Radfords argue that since they invested $55,000 in renovations of the home, Burmaster was unjustly enriched, and they are entitled to damages in that amount.

---

[1] Under § 71-3-523, MCA, a construction lien claim is only valid where a "real estate improvement contract" existed which was not the case here.

[2] The Radfords lived on the Property through the District Court trial and remained there until the eviction.  The Radfords never discussed, agreed to, or paid rent to Burmaster during the time they resided on the Property.

¶8 Rule 56 of the Montana Rules of Civil Procedure provides "judgment shall be rendered forthwith if the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M. R. Civ. P. 56(c)(3). The moving party bears the initial burden of establishing both the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Capital One, NA v. Guthrie*, 2017 MT 75, ¶ 11, 387 Mont. 147, 392 P.3d 158. Upon establishing the initial burden, the burden then shifts to the non-moving party to "by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial" and it "may not rely merely on allegations or denials in its own pleading." M. R. Civ. P. 56(e)(2).

¶9 The District Court correctly concluded that there was no genuine issue of material fact that Burmaster owns the Property or that Burmaster provided the Radfords with notice to vacate the Property. Under the Unlawful Detainer Act, Burmaster rightfully sought possession of the Property since possession is a right incident to ownership. The Radfords admitted to all the factual allegations of Burmaster's complaint and failed to establish a cognizable claim to remain in possession of the Property. They claimed that the buy-sell agreement granted them a right to remain on the Property. Montana law requires that contracts for the sale of real property must be in writing and signed by the grantor. Sections 28-2-903(1)(d), 30-11-111, 70-20-101, MCA; *Luloff v. Blackburn*, 274 Mont. 64, 906 P.2d 189, 191 (1995) (holding any transfer of real property must be in writing and signed by the grantor). The Radfords only produced an unsigned buy-sell

5

agreement; however, even if a fully signed agreement existed, the Radfords failed to close by the December 21, 2016 closing date, resulting in the agreement terminating. Accordingly, the Radfords breach of contract claim fails since no contract existed. The District Court correctly granted Burmaster's motion for summary judgment.

¶10 The Radfords' counterclaim for unjust enrichment is superseded by Montana statute. Section 70-28-110, MCA, provides:

> When damages are claimed for withholding the property recovered upon which permanent improvements have been made by a defendant or those under whom the defendant claims, holding under color of title adversely to the claim of plaintiff, in good faith, the value of the improvements must be allowed as setoff against the damage.

Accordingly, before the Radfords may recover for any improvements to the Property, they must prove: (1) that their possession of the Property was under color of title; and (2) that the improvements were placed on the Property in good faith. *Stevenson v. Owen*, 212 Mont. 287, 295, 687 P.2d 1010, 1015 (1984). Color of title means "something which has the appearance or gives the semblance of title but is not such in fact." *Owen*, 212 Mont. at 295, 687 P.2d at 1015. The Radfords fail to satisfy the first element since they admit that Burmaster owns the Property. They have no appearance or semblance of title to the Property, nor do they have any contractual rights to the Property. Likewise, the Radfords fail to satisfy the second element since, as the District Court held, "they took the risk of improving the Property without first ensuring their rights to purchase the Property, and later by failing to tender payment or close the agreement in the timeframe negotiated." Accordingly, the Radfords' claim for unjust enrichment fails.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE