FILED

08/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0186

DA 20-0186

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 209N

JACOB SMITH,

      Plaintiff and Appellant,

  v.

MICHAEL ROOPE,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
                 In and For the County of Powell, Cause No. DV 19-22
                 Honorable Ray J. Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jacob Smith, Self-represented, Deer Lodge, Montana

      For Appellee:

          Michael Roope, Self-represented, Deer Lodge, Montana

Submitted on Briefs:  July 29, 2020

Decided:  August 18, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Jacob Smith (Smith) appeals the March 3, 2020 Order on Summary Judgment issued by the Third Judicial District Court, Powell County, denying Smith's motion for summary judgment and dismissing his cause with prejudice. We affirm.

¶3 On February 26, 2019, Smith brought a defamation claim against Appellee Mike Roope (Roope) asserting "Roope made false and malicious statements, both in writing and verbally, with evil motive and intent." Roope filed an answer generally denying the allegations of the complaint. Smith then filed two motions for summary judgment—one was filed on July 8, 2019, and another filed on October 23, 2019—which advised he "included exhibit page 1 and 2 in his complaint which are proof that Defendant Roope made accusations against Smith."[1] The July 8, 2019 motion included Smith's own affidavit, asserting Roope made false statements to Lewis and Clark Detention Center (LCDC) personnel and Probation and Parole, which caused him to be moved from the detention center to Montana State Prison (MSP) and labeled as violent and dangerous, all

---

[1] The exhibit attached to Smith's complaint is a Lewis and Clark Detention Center Report Narrative authored by detention officer Heather Ryan, marked "CONFIDENTIAL."

causing him extreme emotional and psychological harm. The second motion, filed October 23, 2019, basically re-submitted the original motion without the accompanying affidavit, but included a notarized verification. In response, Roope filed a petition for summary dismissal.[2] On January 29, 2020, Smith filed an addendum to his summary judgment motions. On March 3, 2020, the District Court denied Smith's motions for summary judgment and dismissed his claim with prejudice, basically concluding there were no issues of material fact and even in the light most favorable to Smith, he failed to establish any harm.

¶4 Defamation is effected by libel or slander. Section 27-1-801, MCA. "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Section 27-1-802, MCA. Pursuant to § 27-1-803, MCA,

> [s]lander is a false and unprivileged publication other than libel that:
> (1) charges any person with crime or with having been indicted, convicted, or punished for crime;
> (2) imputes in a person the present existence of an infectious, contagious, or loathsome disease;
> (3) tends directly to injure a person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualification in those respects that the office or other occupation peculiarly requires or by imputing something with reference to the person's office, profession, trade, or business that has a natural tendency to lessen its profit;
> (4) imputes to a person impotence or want of chastity; or

---

[2] It is unclear if Roope served Smith with this document. It contains a certificate of service averring under penalty of "purgery" [sic] that the document was sent to Smith but the certificate does not indicate to what address it was sent and references an attached receipt which is not attached.

(5) by natural consequence causes actual damage.[3]

Libel and slander exist only with respect to "unprivileged" publications. If a defendant's statements are privileged, the plaintiff cannot prevail on a claim for defamation. *McLeod v. State*, 2009 MT 130, ¶ 23, 350 Mont. 285, 206 P.3d 956. Pursuant to § 27-1-804(3), MCA, a privileged publication is one made "in a communication without malice to a person interested therein by one who is also interested or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent or who is requested by the person interested to give the information."

¶5    Considering only the information provided by Smith and excluding the documentation provided by Roope,[4] the District Court did not err in denying Smith's motion for summary judgment and dismissing his complaint with prejudice. Smith's pleadings and submitted documentation do not establish a defamation claim based on either libel or slander. Any information Roope provided to detention staff or Probation and Parole, verbally or in writing, were privileged statements pursuant to § 27-1-804(3), MCA, such that Smith cannot prevail. As properly determined by the District Court, a reasonable basis existed for Roope to report Smith's alleged behavior to law enforcement and there is

---

[3] Smith's allegations do not assert any of the damages referenced in this statute.

[4] As previously indicated, it is unclear whether Roope's Petition for Summary Dismissal and accompanying documents were served on Smith. Even if the petition and supporting documents are not considered, dismissing Smith's action with prejudice was appropriate as Smith failed to submit evidence establishing the elements of a defamation claim.

no evidence of malicious intent or the falsity of the statements other than Smith's bald assertion otherwise. Further, Smith failed to show any damages—there is no evidence that as a result of any statements made by Roope, Smith was exposed to hatred, contempt, ridicule, or obloquy or which caused him to be shunned or avoided at MSP.[5]

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶7     Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

---

[5] There is no evidence Smith encountered problems with other inmates at MSP because of any statements Roope made about Smith. There is no evidence whatsoever that anyone at MSP, staff or inmates, was even aware of any statements Roope made to the LCDC or Probation and Parole with regard to Smith.