

FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0394

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0394

JACOB SMITH,

      Petitioner and Appellant,

v.

STATE OF MONTANA, et al.,

      Respondent and Appellee.

FILED

SEP 1 4 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Jacob Smith has moved for recusal of Chief Justice Mike McGrath "based upon his personal prosecution" of Smith on a criminal charge in 1997 in Lewis and Clark County District Court. Smith cites to M. C. Jud. Cond. 2.12 and requests that Chief Justice McGrath "recuse himself from any proceedings wherein Smith is a party, present case included." Counsel for the State of Montana has not filed a response.

Rule 2.12 of the Montana Code of Judicial Conduct states that:

(A)    A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

. . .

(5) The Judge:
(a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;
(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy[.]

M. C. Jud. Cond. 2.12(A)(5)(a) and (b) (2014).

In this matter, Smith is appealing from the District Court's dismissal of his complaint, denominated "Civil Complaint and Demand for Jury Trial Tort Claim for Damages." The record provided on appeal is very limited, including a copy of the District Court's Order on Pending Motions, and a transcript of a hearing in which the parties made arguments on the State's motion to dismiss. The Defendants in the underlying matter include the State of Montana, Department of Health and Human Services, Lewis and Clark County, the Public Defender's Office, and several individuals in their official capacities.

This appeal has nothing to do with Smith's 1997 criminal case, and we note that time has expired for any challenge to Smith's 1997 criminal conviction. Section 46-20-104(1), MCA; M. R. App. P. 4(5)(b)(i). Smith is not pursuing postconviction relief for that 1997 case. *See Williams v. Pennsylvania*, 579 U.S. 1, ___, 136 S. Ct. 1899, 1905 (2016) (the United States Supreme Court held "that under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case."). This matter is clearly unrelated to and very different from Smith 1997 criminal case, and is not a basis for recusal of the Chief Justice. M. C. Jud. Cond. 2.12(A)(5)(a) (2014). There is no risk of actual bias. *Williams*, 579 U.S. at ___, 136 S. Ct. at 1910.

More broadly, Smith argues "[i]t was incumbent upon [the Chief Justice] to disqualify himself in every proceeding where Smith was a party" and seeks a blanket recusal in all cases. We note that Smith has had at least ten proceedings before this Court since 2018, for which the Chief Justice sat on seven, but Smith has never before raised the issue of recusal.[1] However, as demonstrated from those cases, the Chief Justice has not sat

---

[1] In 2018, Smith sought an out-of-time appeal for a Butte-Silver Bow County Revocation Judgment and Order of Commitment filed in March 2016. This Court denied his petition. *State v. Smith*, No. DA 18-0178, Order (Mont. Apr. 17, 2018) (*Smith I*). In August 2018, Smith filed a petition for writ of supervisory control against the Jefferson County District Court, concerning the dissolution of marriage proceeding there. We denied his petition. *Smith v. Fifth Judicial District Ct.*, No. OP 18-0489, Order (Mont. Sept. 11, 2018) (*Smith II*). In 2019, Smith appealed the denial

2

on a case that concerned Smith's 1997 criminal proceeding or any other criminal case regarding Smith from Lewis and Clark County.  Therefore,

IT IS ORDERED that Smith's Motion for Recusal is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jacob Smith personally.

DATED this ___14___ day of September, 2021.

_____

_____

_____

_____

_____
                                                      Justices

---

of his petition for postconviction relief in the Fifth Judicial District Court, Jefferson County.  We affirmed the District Court.  *Smith v. State*, No. DA 19-0704 (consolidated with No. DA 20-0110), 2021 MT 211N, 2021 Mont. LEXIS 651 (*Smith V* and *Smith VII*).  In December 2019, Smith sought a writ of mandamus against the Board of Pardons and Parole following his parole denial.  We denied his writ for relief.  *Smith v. Department of Corrections*, No. OP 19-0735, Order (Mont. Jan. 7, 2020) (*Smith VI*).  Smith appealed a Powell County District Court Order denying Smith's motion for summary judgment and dismissing Smith's civil complaint.  We affirmed.  *Smith v. Roope*, No. DA 20-0186, 2020 MT 209N, 2020 Mont. LEXIS 2238 (Aug. 18, 2020) (*Smith IX*).  In 2021, this Court denied Smith's petition for an out-of-time appeal of a February 4, 2019 Order denying Smith's Petition for Postconviction Relief in the Butte-Silver Bow County District Court.  *Smith v. State*, No. DA 21-0152, Order (Mont. Apr. 29, 2021) (*Smith X*).

3