DA 12-0141

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 221

JOHN HARTSOE,

      Petitioner and Appellant,

  v.

HON. C. B. McNEIL, Presiding for the
Twentieth Judicial District,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 11-324
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            John L. Hartsoe, (self-represented litigant); Deer Lodge, Montana

      For Appellee:

            Margaret A. Sampsel; Special Assistant Attorney General,
Risk Management & Tort Defense Division, Helena, Montana

Submitted on Briefs:  September 19, 2012

Decided:  October 9, 2012

Filed:

_____
                         Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 John Hartsoe appeals from the District Court's dismissal of his complaint against Hon. C. B. McNeil (McNeil). We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 Hartsoe filed a civil action against McNeil, seeking damages for McNeil's acts or omissions while acting as a Montana District Court Judge and presiding over a telephone pretrial conference in a civil action then pending before him, *Heisel v. Hartsoe*, No. DV-10-353, Montana Twentieth Judicial District Court. Hartsoe alleged in his complaint that he was suing Judge McNeil for actions taken "in his official duty," including using vulgar language, failing to accomplish any results at the conference, and not having a reporter to record the proceeding. At all relevant times McNeil was acting in his official capacity as a Montana District Court Judge with regard to that case and the pretrial conference.

¶3 McNeil appeared in the present action and moved to dismiss on the grounds of judicial immunity. Hartsoe did not respond to the motion. The District Court granted the motion to dismiss, with prejudice.

## STANDARD OF REVIEW

¶4 This Court reviews de novo a district court's decision on a motion to dismiss. *Grizzly Sec. Armored Express v. The Armored Grp.*, 2011 MT 128, ¶ 11, 360 Mont. 517, 255 P.2d 143.

**DISCUSSION**

¶5 Judges are immune from suit for damages arising out of the lawful discharge of their official duties. Section 2-9-112(2), MCA. Judicial immunity applies with no stated limitation, *Silverstone v. Park Co.*, 2007 MT 261, ¶ 14, 339 Mont. 299, 170 P.3d 950, and judges are absolutely immune from suit for civil damages for acts performed in their judicial capacities. *Steele v. McGregor*, 1998 MT 85, ¶ 16, 288 Mont. 238, 956 P.2d 1364. Judicial immunity is a public policy designed to safeguard principles of independent decision making. *Mead v. McKittrick,* 223 Mont. 428, 430, 727 P.2d 517, 519 (1984). The principles of judicial immunity are well established in the United States. *Stump v. Sparkman*, 435 U. S. 349, 98 S. Ct. 1099 (1978).

¶6 Hartsoe plead in his complaint that Judge McNeil was acting "in his official duty" with regard to this case. The acts that Hartsoe complains of occurred while Judge McNeil was conducting a pretrial conference in a pending case. This is clearly within the authority and responsibility of a district court judge. Therefore there can be no question that Judge McNeil is immune from suit and that the District Court properly dismissed Hartsoe's complaint.

¶7 Hartsoe raises numerous issues and contentions in his appeal which he did not raise below and which, in any event, do not affect the clear conclusion that Judge McNeil is entitled to judicial immunity from suit.

¶8 Affirmed.

/S/ MIKE McGRATH

3

We concur:


/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS