

DA 12-0351

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 57

JOHN HARTSOE,

      Plaintiff and Appellant,

  v.

HONORABLE DEBORAH KIM CHRISTOPHER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV-11-220
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John L. Hartsoe, self-represented, St. Ignatius, Montana

      For Appellee:

          Margaret A. Sampsel, Special Assistant Attorney General, Risk Management
& Tort Defense Division; Helena, Montana

Submitted on Briefs:  January 16, 2013
Decided:  March 5, 2013

Filed:

_____
                   Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 John Hartsoe (Hartsoe) appeals from the judgment of the Twentieth Judicial District Court, Lake County, granting Judge Deborah Christopher's (Judge Christopher) motion for summary judgment. We affirm.

¶2 We review the following issue on appeal:

¶3 *Did the District Court err by granting summary judgment to Judge Christopher?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On August 9, 2011, Hartsoe filed a complaint against Judge Christopher in Lake County. In the complaint, Hartsoe alleged Judge Christopher violated a number of his United States and Montana constitutional rights. In January, 2012, Judge Christopher voluntarily appeared in the case by filing a motion for summary judgment on the grounds that she was entitled to judicial immunity from Hartsoe's claims. Further, she asserted that Hartsoe's claims were barred by the doctrines of res judicata and collateral estoppel.

¶5 The District Court held a hearing on the motion on March 27, 2012. At the hearing, Hartsoe objected that summary judgment was premature because he had not yet served a summons and complaint on Judge Christopher, and that she should not be allowed to accelerate the proceedings by a voluntary appearance. The court denied Hartsoe's objection and granted Judge Christopher's motion for summary judgment. In its order, the District Court cited to § 2-9-112(2), MCA, and a number of Montana and federal cases to support its decision that Judge Christopher was entitled to judicial immunity from Hartsoe's claims.

¶6     The District Court also concluded Hartsoe's claims were barred by the doctrines of res judicata and collateral estoppel. In making this determination, the court took judicial notice, pursuant to M. R. Evid. 202(b)(6), of *Hartsoe v. Heisel, et al.*, Cause No. CV-11-17-M-DWM-JCL, in which Hartsoe filed a complaint in the United States District Court for the District of Montana, Missoula Division, in January, 2011. One of the named defendants in the case was Judge Christopher. In his complaint, Hartsoe alleged that Judge Christopher violated his right to counsel, his right to individual dignity, his right to reasonable bail, and his right to due process.

¶7     On May 23, 2011, U.S. District Judge Donald Molloy filed an order in which he found, inter alia, that Judge Christopher was entitled to judicial immunity from Hartsoe's claims. Judge Molloy dismissed the complaint for failure to state a claim. Hartsoe appealed to the U.S. Court of Appeals for the Ninth Circuit. His appeal was dismissed because he failed to respond to an order of the court. Based on *Hartsoe v. Heisel*, the District Court in the present matter found that Hartsoe's claims were already examined and rejected by a federal judge, and the issue of judicial immunity already litigated and decided.

## STANDARD OF REVIEW

¶8     We review *de novo* a district court's grant of summary judgment, applying the same M. R. Civ. P. 56 criteria as the district court. *Dubiel v. Mont. DOT*, 2012 MT 35, ¶ 10, 364 Mont. 175, 272 P.3d 66. The moving party must establish the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. *Dubiel*, ¶ 10. We review a district court's conclusions of law for correctness. *Dubiel*, ¶ 10.

3

¶9 In addition, a district court's application of res judicata is an issue of law which is reviewed for correctness. *Wiser v. Mont. Bd. of Dentistry*, 2011 MT 56, ¶ 7, 360 Mont. 1, 251 P.3d 675.

## DISCUSSION

¶10 *Did the District Court err by granting summary judgment to Judge Christopher?*

¶11 Hartsoe argues the District Court erred by granting Judge Christopher judicial immunity from his claims. He asserts there is no qualified immunity for a state or local government employee who violates state constitutional rights. The State counters that Hartsoe's claims are based on judicial actions by Judge Christopher for which she had jurisdiction as a state district court judge. Because "[t]he principles of judicial immunity are well established," the State argues the District Court correctly granted Judge Christopher judicial immunity.

¶12 Pursuant to § 2-9-112(2), MCA, "[a] member, officer, or agent of the judiciary is immune from suit for damages arising from the lawful discharge of an official duty associated with judicial actions of the court." Judicial immunity applies with no stated limitation, and judges are absolutely immune from suit for civil damages for acts performed in their judicial capacities. *Hartsoe v. McNeil*, 2012 MT 221, ¶ 5, 366 Mont. 335, 286 P.3d 1211 (citing *Silvestrone v. Park Co.*, 2007 MT 261, ¶ 14, 339 Mont. 299, 170 P.3d 950; *Steele v. McGregor*, 1998 MT 85, ¶ 16, 288 Mont. 238, 956 P.2d 1364). Judicial immunity is a public policy designed to safeguard principles of independent decision making. *Hartsoe*, ¶ 5 (citing *Mead v. McKittrick*, 223 Mont. 428, 430, 727 P.2d 517, 519 (1984)).

4

¶13 All of the acts that form the basis for Hartsoe's complaint occurred while Judge Christopher was acting in her role as a state district court judge, a fact Hartsoe conceded during the summary judgment hearing. Therefore, the District Court properly granted Judge Christopher judicial immunity from Hartsoe's claims. Hartsoe also cites to a case from the Ninth Circuit to argue that state judges do not enjoy judicial immunity from unconstitutional actions when there are sufficient facts to grant a party declaratory or injunctive relief against a judge. Hartsoe did not seek declaratory or injunctive relief against Judge Christopher in this case, and he has not shown that there are sufficient facts to grant him such relief. He has thus failed to show why judicial immunity would not apply here.

¶14 The State additionally argues that Hartsoe's claims are barred by the doctrine of res judicata, a conclusion the District Court reached that Hartsoe did not specifically challenge on appeal. The doctrine of res judicata bars relitigation of a claim that a party has already had the opportunity to litigate. *Olsen v. Milner*, 2012 MT 88, ¶ 20, 364 Mont. 523, 276 P.3d 934. "Central to res judicata are the concepts that litigation must come to an end at some point, and that judicial economy is promoted by a single action instead of multiple suits." *Olsen*, ¶ 20.

¶15 Pursuant to M. R. Evid. 202(b)(6), we take judicial notice of the proceedings in *Hartsoe v. Heisel*. There, Hartsoe alleged Judge Christopher violated several of his constitutional rights, based on the same fact allegations made in the case at hand. The U.S. District Court decided that Judge Christopher was entitled to judicial immunity from Hartsoe's claims. We agree with the District Court's conclusions in the present matter that

5

Hartsoe's claims have therefore already been litigated, and the issue of judicial immunity already decided. Accordingly, the doctrine of res judicata bars Hartsoe from relitigating his claims.

¶16    Hartsoe also argues on appeal that the District Court violated Rule 4(t) of the Montana Rules of Civil Procedure. However, Hartsoe only raises this assertion in the statement of the issues section of his appellate brief; he fails to present any legal authority or argument in support of his contention. We therefore decline to consider the issue further. *See State v. Morris*, 2010 MT 259, ¶ 16, 358 Mont. 307, 245 P.3d 512 ("On appeal, the Appellant has the burden to present legal authority that establishes error on the part of the district court.").

## CONCLUSION

¶17    For the reasons stated above, we affirm the District Court's judgment.

¶18    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:
/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ BETH BAKER

6