DA 13-0097

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 196N

VALERY A. O'CONNELL d/b/a
CELLULAR SENSE, LLC (dissolved),
and DANIEL K. O'CONNELL,

        Petitioners and Appellants,

    v.

KRIS GRAY,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV-2011-762
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Valery O'Connell (Self-Represented), Daniel K. O'Connell
(Self-Represented), Emigrant, Montana

        For Appellee:

            Kris Gray (Self-Represented), Livingston, Montana

Submitted on Briefs:  June 12, 2013

Decided:  July 16, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The O'Connells previously operated a cell-phone business in Livingston, Montana, called Cellular Sense. In September 2009, Kris Gray was hired to work for the company. Gray claims she was terminated on February 11, 2010. On February 19, 2010, Gray filed a wrongful termination claim with the Department of Labor and Industry (DOLI) against Cellular Sense seeking unpaid wages. DOLI assigned compliance specialist Amy Smith to investigate Gray's claim. Smith sent a letter to O'Connells at two separate addresses requesting a written response to Gray's claim by a date specific but Smith did not receive a response.

¶3 On March 11, 2010, Smith issued her determination that Gray was entitled to wages due. The determination was mailed to O'Connells at the same addresses to which Smith had mailed the request for a written response. O'Connells confirmed that one of the addresses was their correct mailing address and they requested a redetermination of the claim, asserting that Gray was an independent contractor rather than an employee. In July 2010, after further investigation, the Independent Contractor Central Unit (ICCU) of DOLI concluded that Gray was an employee, and Smith subsequently issued a

2

redetermination finding wages due to Gray. O'Connells did not appeal the redetermination.

¶4 In October 2010, Smith issued an Order on Default, which set forth explicit appeal rights, and mailed the Order to O'Connells. After receiving no petitions for judicial review, DOLI applied to the First Judicial District Court and received a Final Order of Judgment for Gray, which was then mailed to O'Connells. DOLI filed a satisfaction of judgment on January 27, 2011.

¶5 In May 2011, O'Connells filed a civil petition and claim for redress with the Sixth Judicial District Court, Park County, Cause No. DV 11-96. In July 2011, the Sixth Judicial District Court dismissed O'Connells' petition as untimely.

¶6 In August 2011, O'Connells filed a confusing document denominated "Civil Petition/Claim for Relief Review, & Redress" with the First Judicial District Court, Lewis & Clark County, naming DOLI, "including ICCC [sic], Wage & Hour Unit, Unemployment Insurance Division, Accounts Receivable Unit including their agents Erin Barton, Amy Smith, Robert E. Bailey and other unknown agents, and Kris Gray" as defendants. DOLI, interpreting O'Connells' petition as a motion to set aside the judgment, filed a response in opposition, arguing that O'Connells had notice of the proceedings from the early stages but did not seek timely redress or appeal, and that their motion to set aside judgment was therefore untimely and should be denied. The District Court, confused by O'Connells' petition, requested "a clear, concise statement of allegations setting forth claims for relief that are independent of the wage claim issues resulting in the default judgment[]." On September 16, 2011, O'Connells filed an equally

3

confusing and nearly identical petition to their original petition. DOLI promptly moved for a dismissal of the action under M. R. Civ. P. 12(b)(6) and 41(b). O'Connells then moved to remove DOLI and its agents from their petition. The District Court granted O'Connells' motion and dismissed DOLI and its agents from the case. This left Kris Gray as the only remaining defendant.

¶7 The case lay dormant for approximately one year, and on September 17, 2012, O'Connells moved to have a default entered against Gray for Gray's failure to respond to O'Connells' September 16, 2011 re-submitted petition. The District Court concluded that the issues raised by O'Connells in their re-submitted petition were the same issues as those that were barred pursuant to the Sixth Judicial District Court order that dismissed the action as untimely. The First Judicial District Court, noting that "there are no remaining viable causes of action against Defendant Gray," denied O'Connells' motion for default and dismissed the action with prejudice. O'Connells appeal and we affirm.

¶8 The issues O'Connells raised before the First Judicial District Court appear to be the same issues raised before and resolved by the Sixth Judicial District Court and therefore are barred by res judicata. We review a district court's application of res judicata for correctness. *Hartsoe v. Christopher*, 2013 MT 57, ¶ 9, 369 Mont. 223, 296 P.3d 1186. The doctrine of res judicata bars relitigation of a claim that a party has already had the opportunity to litigate. *Hartsoe*, ¶ 14. O'Connells litigated their claim involving Gray in the Sixth Judicial District Court. They are not entitled to litigate it again in the First Judicial District Court.

¶9   We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. We therefore affirm the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ BETH BAKER
/S/ LAURIE McKINNON