DA 12-0740

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 256

JOHN HARTSOE,

      Plaintiff and Appellant,

  v.

LOREN TUCKER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 12-204
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      John Hartsoe, self-represented, St. Ignatius, Montana

      For Appellee:

      Margaret A. Sampsel, Special Assistant Attorney General, Risk Management
& Tort Defense Division, Helena, Montana

Submitted on Briefs:  July 31, 2013

Decided:  September 10, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Plaintiff John Hartsoe (Hartsoe) appeals the summary dismissal of his claim against Hon. Loren Tucker (Judge Tucker). That claim was dismissed with prejudice by Hon. Deborah Kim Christopher (Judge Christopher) in the Twentieth Judicial District Court, Lake County, on December 31, 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     Hartsoe filed this action on August 7, 2012, alleging that Judge Tucker had violated his constitutional rights by denying his request for a bail hearing, by dismissing one of his civil claims, and for declaring a mistrial in a criminal matter in which he was a Defendant.

¶3     Judge Tucker appeared in the case and invoked judicial immunity for his actions in the complaint. Judge Christopher agreed that Judge Tucker was immune, and granted Judge Tucker summary dismissal of the action with prejudice. It is from this dismissal that Hartsoe now appeals.

## STATEMENT OF THE ISSUES

¶4     *Did the District Court correctly dismiss Hartsoe's claims against Judge Tucker on the grounds that he is entitled to judicial immunity pursuant to § 2-9-112(2), MCA?*

¶5     *Should sanctions be imposed against Hartsoe pursuant to M. R. App. P. 19(5)?*

## STANDARD OF REVIEW

2

¶6 This Court reviews de novo a district court's decision on a motion to dismiss. *Hartsoe v. McNeil,* 2012 MT 221, ¶ 4, 366 Mont. 335, 286 P.3d 1211 (citing *Grizzly Sec. Armored Express, Inc. v. The Armored Grp., LLC,* 2011 MT 128, ¶ 11, 360 Mont. 517, 255 P.3d 143).

## DISCUSSION

¶7 *Did the District Court correctly dismiss Hartsoe's claims against Judge Tucker on the grounds that he is entitled to judicial immunity pursuant to § 2-9-112(2), MCA?*

¶8 Montana Constitution, Article II, Section 18 holds that immunity from suit may be established by a two-third vote of the Legislature. Section 2-9-112(2), MCA, provides that a member of the judiciary is immune from suit for damages arising from official judicial actions of the court. We recognize that the Legislature has complied with Article II, Section 18 in the enactment of § 2-9-112(2), MCA. *Silvestrone v. Park Co.*, 2007 MT 261, ¶ 15, 339 Mont. 299, 170 P.3d 950.

¶9 Judges are not entitled to judicial immunity when their act (1) is not normally a function performed by a judge, and (2) the judge acts in the "clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 356-62, 98 S. Ct. 1099, 1105-08 (1978). If a judge has subject-matter jurisdiction over the act in question, he is entitled to immunity. *Stump*, 435 U.S. at 362, 98 S. Ct. at 1108. The immunity statute applies to judicial acts without limitation. *Silvestrone*, ¶ 14. This is true even if the action taken was in error or in excess of his authority. *Mireles v. Waco*, 502 U.S. 9, 13, 112 S. Ct. 286, 288-89 (1991).

3

¶10   First, Hartsoe complains that Judge Tucker refused his bail hearing, dismissed his civil claim, and declared a mistrial in his criminal claim, all of which are clearly within the normal duties performed by a judge. Second, Judge Tucker's court is vested with original subject-matter jurisdiction in all criminal matters amounting to a felony and all civil matters. Mont. Const. art. VII, § 4; § 3-5-302, MCA. Hartsoe's claims arise from Judge Tucker's exercise of jurisdiction in his felony criminal proceeding as well as a civil proceeding against another judge. Therefore, Judge Tucker was acting within his jurisdiction when he made all three orders. Because Judge Tucker's act was judicial under the meaning of § 2-9-112(2), MCA, he is entitled to immunity regardless of whether his decisions were in error.

¶11   Hartsoe also raises issues of qualified immunity for state employees, and asserts a malicious prosecution claim for the first time on appeal. We decline to examine either of these issues as they are precluded by our finding that Judge Tucker retains judicial immunity.

¶12   *Should sanctions be imposed against Hartsoe pursuant to M. R. App. P. 19(5)?*

¶13   Judge Tucker requests that we limit Hartsoe's ability to litigate against current or former judicial officials in Montana.

¶14   Courts have the inherent power to levy sanctions to curb abusive litigation practices. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S. Ct. 2455, 2563 (1980); *Motta v. Granite County Comm'rs,* 2013 MT 172, ¶¶ 16-23, 370 Mont. 469, 304 P.3d 720. Under M. R. App. P. 19(5), we have the authority to award sanctions to a prevailing party in an appeal determined to be filed for the purposes of harassment, or taken without substantial or reasonable grounds. In *Motta*, we found abuse of the judicial process when a pro se litigant

4

filed 13 separate actions and continually ignored or misconstrued court orders. *Motta,* ¶ 21. We approved a district court's order limiting that litigant's ability to file frivolous and groundless claims. *Motta*, ¶ 17.

¶15    Mr. Hartsoe is a familiar litigant to the courts of Montana, and in the last three years has filed 24 lawsuits in the state district courts of three counties. Of those, 19 are against various state government employees. These include two other claims against Judge Tucker, four actions against Judge Christopher, the sitting judge in this case, and two actions against Hon. C.B. McNeil, another judge in the Twentieth Judicial District. To date, Hartsoe has not prevailed against a single state district court judge, and has unsuccessfully appealed the judicial immunity of judges in two different cases. *See Hartsoe v. Christopher,* 2013 MT 57, 369 Mont. 223, 296 P.3d 1186; *Hartsoe v. McNeil,* 2012 MT 221, 366 Mont. 335, 286 P.3d 1211.

¶16    At this point, Hartsoe is well versed in our application of judicial immunity, yet he continues to file groundless and burdensome litigation against district court judges for their discharge of official duty. These actions amount to an abuse of our court system, and we will impose a sanction tailored to prevent future harassment with frivolous claims.

¶17    First, Hartsoe must obtain prior approval from the District Court in any judicial district where he seeks to file any Complaint, Petition or Motion for Injunctive Relief, or Petition or Motion for Declaratory Relief naming any current or former judicial officer as Defendant. Second, the District Court may prohibit any such filing upon a determination that the claims asserted therein are clearly barred by judicial immunity.

5

¶18 Finally, we note that if Hartsoe continues to abuse our court system with these limitations in place, we will consider further sanctions.

## **CONCLUSION**

¶19 We affirm the District Court's dismissal of Hartsoe's claim on judicial immunity grounds. Further, we grant sanctions as set forth above.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON
/S/ JIM RICE

6