FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0109

DA 15-0109

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 210N

RICHARD JUNIOUS HILL, SR.,

> Petitioner and Appellant,

v.

YELLOWSTONE COUNTY et al., DISTRICT
COURT JUDGE MARY JANE KNISELY,

> Respondents and Appellees.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 13-0856
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Richard Junious Hill, Sr. (self-represented); Deer Lodge, Montana

For Appellees:

Rebekah J. French, Special Assistant Attorney General; Helena,
Montana

Submitted on Briefs: July 1, 2015
Decided: July 28, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Richard Hill appeals from the order of the Montana Thirteenth Judicial District Court, Yellowstone County, dismissing his amended complaint for failure to state a claim. We affirm.

¶3 On or about May 15, 2012, the District Court, by an order signed by District Court Judge Mary Jane Knisely, removed Hill's daughter from his custody. The nature of the proceeding and the grounds for that order are not clear from the record before this Court.

¶4 On July 12, 2013, Hill, acting pro se, filed a complaint against Knisely in the District Court. In it he alleged that Knisely violated his due process rights by removing his daughter from his custody without proper notice and without jurisdiction. Hill asked the court to reprimand Knisely and to award him compensatory and punitive damages.

¶5 On July 31, 2013, Hill's case against Knisely was combined with nine other cases Hill had filed before the District Court. The District Court ordered Hill to file "a more definite statement [in his case against Knisely], informing the Court what his complaints are," and it ordered Hill to serve his original complaint and more definite statement on Knisely. Hill filed a motion to amend his complaint on December 3, 2013, but he never properly served either the amended or original complaint on Knisely.

2

¶6     On January 22, 2015, the District Court, acting sua sponte, denied Hill's motion to file an amended complaint and dismissed the complaint with prejudice. It dismissed the complaint for failure to state a claim, reasoning that Knisely was statutorily entitled to judicial immunity from Hill's suit. Hill now appeals to this Court, repeating the arguments that he made to the District Court.

¶7     We review an order dismissing a complaint de novo. *Grizzly Sec. Armored Express, Inc. v. Armored Group, LLC*, 2011 MT 128, ¶ 12, 360 Mont. 517, 255 P.3d 143. A complaint should be dismissed when the allegations of the complaint, construed in the light most favorable to the plaintiff, clearly demonstrate that the complaint fails to state a claim upon which relief can be granted. M. R. Civ. P. 12(b)(6); *Grizzly Sec. Armored Express, Inc.*, ¶ 12.

¶8     Judges are immune from suit for damages arising out of the lawful discharge of their official duties. Section 2-9-112(2), MCA.

> Judicial immunity applies with no stated limitation, and judges are absolutely immune from suit for civil damages for acts performed in their judicial capacities. Judicial immunity is a public policy designed to safeguard principles of independent decision making. The principles of judicial immunity are well established in the United States.

*Hartsoe v. McNeil*, 2012 MT 221, ¶ 5, 366 Mont. 335, 286 P.3d 1211 (citations omitted).

¶9     In this case, the amended complaint alleged that Knisely "wrongfully signed an order to have [Hill's] 8 year old daughter removed from [Hill's] custody" without proper procedure or notice. When Knisely signed the order, she was unquestionably acting in her judicial capacity. She, therefore, is immune from suit for the claims the complaint alleges, and the District Court properly dismissed Hill's complaint.

3

¶10     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct.

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE