FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0312

DA 20-0312

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 127N

LARRY REINLASODER,

      Plaintiff and Appellant,

    v.

CITY OF COLSTRIP, MAYOR JOHN WILLIAMS, and
MONTANA JUDICIAL BRANCH, by and through Court Administrator,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Thirteenth Judicial District, In and For the County of Yellowstone, Cause No. DV 16-566 Honorable Colette B. Davies, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          William A. D'Alton, D'Alton Law Firm, P.C., Billings, Montana

      For Appellees:

          Harlan B. Krogh, Crist, Krogh, Alke & Nord, PLLC, Billings, Montana (for City of Colstrip)

          Patricia Klanke, Drake Law Firm, Helena, Montana (for State of Montana)

          Submitted on Briefs: January 20, 2021

               Decided: May 18, 2021

Filed:

_____
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1      We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules.  It shall not be cited and does not serve as precedent.  The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Larry Reinlasoder appeals the April 2019 and May 2020 judgments of the Montana Thirteenth Judicial District Court, Yellowstone County, dismissing his asserted tort and constitutional claims for monetary relief against the Montana Judicial Branch pursuant to M. R. Civ. P. 12(b)(6), and granting summary judgment on his related tort claims to the City of Colstrip (City).  We affirm.

¶3      In May 2012, the City discharged Reinlasoder from his employment as Chief of Police based on various alleged instances of misconduct in violation of the City's written employment policy.  *Inter alia*, the cited misconduct included a particular instance of alleged hostile working environment sexual harassment in which Reinlasoder allegedly invited a female dispatcher into his office to view pornography on his office computer.  In 2014, Reinlasoder sued the City for wrongful discharge from employment in violation of Title 39, chapter 2, part 9, MCA.

¶4      Prior to trial, Reinlasoder moved *in limine* for exclusion of the results of a City-commissioned, post-discharge forensic analysis of his city-owned office computer that yielded hundreds of pornographic images embedded in recovered emails dating back to 2005.  In response, the City asserted that the pornographic emails were relevant to

2

corroborate the dispatcher's testimony regarding the office pornography invitation and to rebut any defensive assertion by Reinlasoder that he had no pornography on his office computer at the time. Finding the pornographic emails substantially more prejudicial in relation to the limited probative value asserted by the City, the court excluded them from trial pursuant to M. R. Evid. 401-03. However, based on the nature of the ruling, and Reinlasoder's related pretrial insinuation that the City's counsel proffered them in violation of the rules of professional conduct, the court granted the City's motion to preserve the excluded portion of the forensic report, and included images, in the court record under seal for subsequent review by the appropriate appellate or disciplinary tribunal.

¶5    At trial, despite the unrebutted trial evidence, the District Court denied the City's motion pursuant to M. R. Civ. P. 50 for judgment as a matter of law that it had "good cause" for discharging Reinlasoder based on his office pornography invitation to the female dispatcher. After the jury returned a $300,000 verdict in favor of Reinlasoder, the City appealed based on two assertions—that the court erroneously denied its motion for judgment as a matter of law[1] and, in any event, erroneously excluded Reinlasoder's recovered pornographic emails from jury consideration.

¶6    On appeal, we reversed the jury verdict on the sole ground that the court erroneously denied the City's Rule 50 motion for judgment as a matter of law that it had "good cause"

---

[1] The City initially moved for Rule 50(a) judgment as a matter of law at the close of Reinlasoder's case, and again unsuccessfully raised the same issue post-verdict under M. R. Civ. P. 50(b) and/or 59.

3

to discharge Reinlasoder based on his unrebutted office pornography invitation to the female dispatcher. *Reinlasoder v. City of Colstrip* (*Reinlasoder I*), 2016 MT 175, ¶¶ 13-19, 384 Mont. 143, 376 P.3d 110. Without reference to the excluded emails, our holding was based exclusively on the unrebutted testimony of the dispatcher and corroborating testimony of two police officers who witnessed the incident. *Reinlasoder I*, ¶¶ 3-19.

¶7 Two years later, Reinlasoder filed a related district court complaint asserting various claims for compensatory and punitive damages against the Judicial Branch, through the Supreme Court Administrator, the City, and the City Mayor (John Williams). Against the Judicial Branch, Reinlasoder's third-amended complaint asserted claims for negligence and violation of his Montana constitutional right to due process, both based on his allegation that members of this Court, and/or their law clerks, improperly unsealed, viewed, and considered the excluded pornographic emails on appeal in *Reinlasoder I*. Against the City, the complaint asserted a tortious abuse of process claim based on the allegation that it appealed the adverse evidentiary ruling regarding the pornographic emails in *Reinlasoder I* for the improper purpose of exposing them to this Court to prejudice it against Reinlasoder on the balance of the City's appeal. Unmoored from any distinctly pled predicate claim for relief against the Mayor, the complaint cursorily included him in its prayer for compensatory and punitive damages against the City.[2]

_____

[2] The only complaint allegations pertinent to the Mayor were those included in the referenced "facts common to all claims" (modified case) alleging that the Mayor "contacted the City of Billings to give information about" Reinlasoder "to assist and conspire with the City of Billings in

4

¶8 In April 2019, the District Court dismissed Reinlasoder's negligence, due process, and derivative punitive damages claims against the Judicial Branch on the ground that the doctrine of judicial immunity precluded them as a matter of law, as pled.[3] In May 2019, the court dismissed any asserted claim against the Mayor without prejudice pursuant to M. R. Civ. P. 12(b)(6) on the ground that the third-amended complaint failed to distinctly plead any discernable claim for relief against him, as distinct from the City. A year later, the court granted the City summary judgment on Reinlasoder's City claims on the grounds that he failed to meet his responsive burden of factually rebutting the City's initial M. R. Civ. P. 56 showing that it was entitled to summary judgment on the causation element of his apparent negligence claim,[4] and on the improper purpose and ulterior motive elements of his abuse of process claim.[5] Reinlasoder timely appeals.

¶9 On appeal, Reinlasoder asserts that the District Court erroneously dismissed his Judicial Branch claims, and granted summary judgment to the City, "on the grounds of judicial immunity." As a threshold matter, the District Court did not grant the City

---

[a] dangerous dog case against" him "in retaliation for [Reinlasoder] asserting his rights" against the City of Colstrip.

[3] The court further concluded that any viewing or consideration of the subject emails on appeal in *Reinlasoder I* was in any event properly within the jurisdiction and discretion of this Court based on the City's appeal of the adverse evidentiary ruling in regard thereto.

[4] Though not clearly or distinctly pled, the City and the court apparently liberally construed Reinlasoder's third-amended complaint to state a negligence claim against the City separate and apart from his clearly pled abuse of process claim.

[5] The court further noted that, pursuant to § 2-9-105, MCA, the City is in any event immune as a matter of law from claims for exemplary/punitive damages.

summary judgment based on judicial immunity. The court granted the City summary judgment based on Reinlasoder's failure to meet his responsive Rule 56 factual burden on specified elements of his abuse of process and apparent negligence claims against the City. The written ruling referenced judicial immunity only in a passing ancillary reference to the common assertion running through all of Reinlasoder's claims (that the justices or law clerks of this Court improperly viewed his sealed emails on appeal in *Reinlasoder I*), a point not essential to the District Court's dispositive conclusions of law regarding his failure to meet his responsive Rule 56 factual burden regarding the referenced elements of his asserted City claim(s). Nonetheless, as framed by Reinlasoder, the discernable common gravamen of both of his assertions of error on appeal is that the District Court erroneously concluded that judicial immunity precludes his asserted monetary claims against the Judicial Branch as a matter of law.

¶10 The judicial power of this State is vested in this Court which "has appellate jurisdiction" in accordance with its promulgated rules in all cases that come before it in law and equity. Mont. Const. art. VII, § 2(1) and (3); §§ 3-2-203 and -204(1), MCA. Regardless of its order excluding them from trial, the District Court preserved Reinlasoder's recovered emails in the court record under seal for subsequent review by the appropriate tribunal on subsequent appeal or in any subsequent disciplinary complaint proceeding against the City's counsel. The excluded emails were squarely at issue under the City's appeal and were part of the resulting record properly transmitted to this Court in *Reinlasoder I* pursuant to M. R. App. P. 8(1). Upon review of the scope and application

6

of the Montana statutory and common law doctrine of judicial immunity to the claims at issue under M. R. Civ. P. 12(b)(6), we hold that the District Court correctly concluded that judicial immunity applied to and precluded Reinlasoder's negligence and due process claims for monetary relief against the Judicial Branch, as pled on the face of his third-amended complaint. *See* § 2-9-112(1)-(2), MCA; *Hartsoe v. Christopher*, 2013 MT 57, ¶ 12, 369 Mont. 223, 296 P.3d 1186; *Hartsoe v. McNeil*, 2012 MT 221, ¶ 5, 366 Mont. 335, 286 P.3d 1211; *Steele v. McGregor*, 1998 MT 85, ¶ 16, 288 Mont. 238, 956 P.2d 1364; *Mead v. McKittrick*, 223 Mont. 428, 430, 727 P.2d 517, 518-19 (1986); *Grant v. Williams*, 54 Mont. 246, 250-51, 169 P.286, 287 (1917); *Stump v. Sparkman*, 435 U.S. 349, 355-64, 98 S. Ct. 1099, 1104-09 (1978); *Haldane v. Chagnon*, 345 F.2d 601, 603-04 (9th Cir. 1965). *Compare Hartsoe v. Tucker*, 2013 MT 256, ¶ 9, 371 Mont. 539, 309 P.3d 39. *See also Silvestrone v. Park County*, 2007 MT 261, ¶¶ 13-14, 339 Mont. 299, 170 P.3d 950 (1977 enactment of § 2-9-112, MCA, codified common law doctrine of judicial immunity).

¶11    We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules.  Affirmed.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

7